UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA A. CASAS,<br><br>　　　　Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK N.A., ET AL.,<br><br>　　　　Defendants. | Case No.: 5:12-CV-01742-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE**<br><br>**[Re: Docket No. 6, 8]** |

Presently before the court in this foreclosure-related action is Defendant Wells Fargo Bank N.A.'s ("Defendant") Motion to Dismiss Plaintiff Maria A. Casas' ("Plaintiff") Complaint. Plaintiff, who is proceeding pro se, has not filed an opposition to this motion. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Having carefully reviewed the complaint and Defendant's arguments, the court GRANTS the Motion to Dismiss. The Motion to Strike is DENIED as moot.

**I. BACKGROUND**

The court recounts the relevant facts mainly from judicially-noticeable documents. On or about November 10, 2005, Plaintiff obtained a loan for $450,000 from World Savings Bank, FSB

1
Case No.: 5:12-CV-01742-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE

for the purchase of real property located at 2002 Loch Ness Way, San Jose, California 95121 (the "Property").  See Req. for Judicial Notice ("RJN"), Dkt. No. 7, Exs. A and B.[1]  World Savings Bank was renamed Wachovia Mortgage, FSB on December 31, 2007.  RJN, Ex. D.  On November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank named Wells Fargo Bank Southwest, N.A., and merged with Wells Fargo Bank, N.A..  RJN, Ex. E.

A notice of default was recorded against the Property on June 3, 2011.   RJN, Ex. F.  Shortly thereafter, a notice of sale was recorded.  RJN, Ex. G.  The Property was sold at non-judicial foreclosure to a third party on March 7, 2012.  RJN, Ex. H.  That same day, Plaintiff filed suit in Santa Clara County superior court asserting the following ten claims:

(1) Fraudulent Misrepresentation

(2) Fraudulent Inducement

(3) Violation of the Fair Debt Collection Practices Act ("FDCPA")

(4) Predatory Lending Practices in Violation of the Home Ownership and Equity Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), and California Business and Professions Code Section 17200

(5) Breach of Contract

(6) Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")

(7) Quiet Title

(8) Declaratory Relief

(9) Injunctive Relief

(10) Cease and Desist

Defendant removed the action to this district on April 6, 2012.  Defendant now moves to dismiss Plaintiff's complaint in its entirety, and, in the alternative, moves to strike portions of Plaintiff's complaint.

**II.  LEGAL STANDARD**

---

[1] Defendant's RJN is granted in its entirety.  See Dkt. No. 7; Fed. R. Evid. 201(b)(2).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

If a district court considers evidence outside the pleadings in a motion to dismiss, it must normally convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond. See United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). A court may, however, consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. Id. at 908. The court may treat such a document as part of the complaint, and may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

**III. DISCUSSION**

Having reviewed Plaintiff's complaint in its entirety, the court concludes that Plaintiff has failed to state a claim. Primarily, Plaintiff has not met the pleading standard required by Federal Rule of Civil Procedure 8 because she has failed to provide sufficient factual information or

3
Case No.: 5:12-CV-01742-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE

present information in a meaningful way. While the court must afford flexibility to a pro se complainant's pleadings, the complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Comty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A complaint will not suffice if it only provides "naked assertions" devoid of "further factual enhancements." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). Plaintiff here has failed to include sufficient facts to support any of her causes of action. This ground alone will support a grant of Defendant's motion to dismiss. However, because the court dismisses some claims with leave to amend, and some claims without leave, the court will address each of Plaintiff's causes of action.

### A. State Law Claims

Defendant argues that the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 et seq. ("HOLA") and regulations promulgated by the Treasury Department's Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560, preempt Plaintiff's state law causes of action. "[T]he laws of the United States…shall be the supreme law of the land…any Thing in the Constitution or laws of any state to the contrary notwithstanding." U.S. Const. art. VI, cl. 2. Under the Supremacy Clause, a federal law will preempt a state law "when federal regulation in a particular field is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Bank of Am. v. City & Cnty. of S.F., 309 F.3d 551, 558 (9th Cir. 2002) (citation omitted).

HOLA was enacted "to charter savings associations under federal law, at a time when record numbers of home loans were in default and a staggering number of state-chartered savings associations were insolvent." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). One of HOLA's central purposes was to restore public confidence in the banking system by consolidating the regulation of savings and loan associations with the federal government. Id. To achieve this purpose, Congress authorized the OTS to promulgate regulations governing federal savings associations. 12 U.S.C. § 1464; Silvas, 514 F.3d at 1005. OTS occupies the entire field in that regard. 12 C.F.R. § 560.2(a) (2011).

HOLA's implementing regulations set forth a list, "without limitation," of the categories of state laws that are expressly preempted:

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> ....
>
> Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
>
> ....
>
> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
>
> ....
>
> Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages....
>
> 12 C.F.R. § 560.2(b)(4)-(5), (b)(9)-(10) (2011).

HOLA and its related regulations have been described as "so pervasive as to leave no room for state regulatory control." Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260 (9th Cir. 1979), aff'd, 445 U.S. 921 (1980).

HOLA applies to federal savings associations, including federal savings banks. 12 U.S.C. § 1464. Though Defendant Wells Fargo is not a federal savings bank, as successor-in-interest to World Savings Bank, a federal savings bank and the loan originator, Defendant will be treated as such for the purposes of preemption under HOLA. See DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp.2d 1119, 1126 (N.D. Cal. 2010) (holding that HOLA applies to Wells Fargo Bank, N.A. as successor-in-interest to World Savings Bank, FSB).

Here, Plaintiff asserts seven claims based in state law: fraudulent misrepresentation (Claim 1), fraudulent inducement (Claim 2), predatory lending in violation of California Business & Professions Code § 17200 (part of Claim 4), breach of contract/fiduciary duty (Claim 5), quiet title (Claim 7), declaratory relief (Claim 8), and cease and desist (Claim 10). Critical to each of these claims are the allegations either that Defendant failed to verify Plaintiff's ability to repay the loan during the loan origination process, or that Defendant improperly foreclosed on the Property because Defendant was not in possession of the promissory note securing the Property. Because of the nature of the allegations, each of the state laws and doctrines invoked by Plaintiff would regulate lending in a way expressly contemplated by the "origination" or the "sale or purchase of, or investment or participation in, mortgages" portions of § 560.2(b). The court therefore finds that these claims are preempted by HOLA. The state law claims are DISMISSED.[2] Since the issue of preemption cannot be cured by amendment, this dismissal will be without leave to amend for futility. Miller v. Rykoff–Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

**B. FDCPA**

In order to state a claim under the FDCPA, Plaintiff must allege facts establishing that: (1) Plaintiff has been the object of collection activity arising from a consumer debt; (2) Defendant qualifies as a "debt collector" under the statute; and (3) Defendant has engaged in a prohibited act or has failed to perform one of the statute's requirements. See Uyeda v. J.A. Cambece Law Office, P.C., No. 04-CV-04312, 2005 WL 1168421, at *3 (N.D. Cal. May 16, 2005). Plaintiff has not

---

[2] To the extent that these claims rely on a missing promissory note, they must also be dismissed because they fail to state a cognizable legal theory. California Civil Code § 2924 and its related statutes establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating foreclosure to have physical possession of the promissory note. In keeping with § 2924, district courts in California have consistently rejected the contention that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, No. 09–0007 SC, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., No. 08-CV-1919 WQH, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, No. 06-CV-0055, 2007 WL 2140640, at *8 (S.D. Cal. July 23, 2007).

6
Case No.: 5:12-CV-01742-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE

alleged and cannot establish that Defendant acted as a "debt collector" or that the foreclosure constituted a "debt collection."

The FDCPA defines a debt collector as "any person ... who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  A "debt collector" under the FDCPA "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); Oliver v. U.S. Bank, N.A., No. 11-CV-04300, 2012 WL 2376677, at *5 (N.D. Cal. June 22, 2012).  As World Savings Bank, FSB's successor-in-interest, Defendant acted as Plaintiff's creditor.  Therefore, Defendant cannot be considered a "debt collector" under the FDCPA.  Additionally, courts in this circuit have concluded that a non-judicial foreclosure does not constitute a "debt collection" under the FDCPA. See, e.g., Aniel v. EMC Mortg. Corp., No. 10-CV-5170, 2011 WL 835879, at *5 (N.D. Cal. Mar. 4, 2011); Hanaway v. JPMorgan Chase Bank, No. 10-CV-1809, 2011 WL 672559, at *4 (C.D. Cal. Feb.15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., No. 10-CV-03185, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010); Deissner v. Mortgage Elec. Regis. Sys., 618 F.Supp.2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), aff'd, 384 Fed. Appx. 609, 2010 WL 2464899 (9th Cir. Jun.17, 2010) (internal quotations omitted). This court agrees.  Because Plaintiff cannot establish the first and second prongs of her FDCPA claim, it is DISMISSED without leave to amend.

**C. Predatory Lending Practices under HOEPA, 15 U.S.C. 1637; TILA, 15 U.S.C. 1601; and Regulation Z, 12 C.F.R. § 226.**

Plaintiff's fourth cause of action alleges violation of HOEPA, TILA, Regulation Z, and California Business and Professions Code § 17200.  The court will consider the violations of these provisions as separate causes of action.  Because Plaintiff's Section 17200 claim has already been dismissed with prejudice in Section III.A, the court will not further address that claim.

7
Case No.: 5:12-CV-01742-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

It appears that Plaintiff's claims of predatory lending under TILA and HOEPA are time-barred. Any request for damages under TILA or HOEPA is subject to a one-year statute of limitations (15 U.S.C. § 1640(e)) and a claim for rescission is subject to a three-year statute of limitations (15 U.S.C. § 1635(f)). A TILA or HOEPA violation occurs at the time the loan documents are signed. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiff's loan closed in November 2005. From this date, a timely claim for damages under TILA and/or HOEPA should have been field by November 2006, and a timely claim for rescission should have been filed by November 2008. However, Plaintiff did not bring this action until March 2012, well outside of the statutory time frame.

A request for damages under TILA and/or HOEPA is only presumptively time-barred absent allegations that support an equitable exception. 15 U.S.C. § 1640(e); King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986) (finding that the limitations period of Section 1640(e) may be equitably tolled "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action"); see Hamilton v. Bank of Blue Valley, 746 F.Supp.2d 1160, 1179 (E.D. Cal. 2010) (noting that "HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA"). Plaintiff here has not alleged any facts to support a conclusion that equitable tolling should apply in her case. Given that Plaintiff filed this action more than six years after signing the loan documents and has failed to raise any argument for equitable tolling, the statute of limitations appears to have run on her TILA and HOEPA claims. The court therefore DISMISSES these claims. Plaintiff's claims for rescission under TILA and HOEPA are dismissed without leave to amend because they are absolutely barred. However, since Plaintiff may be able to plead facts to support equitable tolling, the court grants her leave to amend her TILA and HOEPA claims for damages.

As for Plaintiff's claim of predatory lending practices under Regulation Z, Plaintiff's vague and conclusory assertions fail to provide Defendant with sufficient notice of the claim. Indeed, Plaintiff does not assert any particular facts related to her Regulation Z claim. Therefore, that claim is DISMISSED with leave to amend.

8
Case No.: 5:12-CV-01742-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE

**D. RICO**

"To state a civil claim for a RICO violation…, a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (internal citation omitted). Plaintiff's claim is also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires her to "state with particularity the circumstances constituting fraud or mistake." See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) (applying Rule 9(b)'s heightened pleading standard to a RICO claim). Here, Plaintiff has stated general allegations with no facts to demonstrate how her case falls within the scope of RICO. She has thus failed to sufficiently plead any requisite element of a statutory violation. This claim will be DISMISSED with leave to amend.

**E. Injunctive Relief**

Plaintiff's claim for injunctive relief is based entirely on her FDCPA claim. As the FDCPA claim has already been dismissed with prejudice, Plaintiff's claim for injunctive relief is also DISMISSED without leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court DISMISSES Plaintiff's first, second, third, fifth, seventh, eighth, ninth, and tenth causes of action without leave to amend. The court also DISMISSES Plaintiff's fourth cause of action without leave to amend to the extent it relies on California Business and Professions Code § 17200, and any claim for rescission under HOEPA and TILA. To the extent Plaintiff's fourth cause of action relies on Regulation Z or a claim for damages under HOEPA and/or TILA, the court DISMISSES that claim with leave to amend. Finally, the court DISMISSES Plaintiff's sixth cause of action (RICO) with leave to amend.

Any amended complaint must be filed within thirty days of the date this Order is filed. Plaintiff is advised that she may not add new claims or parties without first obtaining Defendant's consent or leave of court pursuant to Federal Rule of Civil Procedure 15. Plaintiff is further

advised that failure to timely file an amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action.

Having dismissed each of Plaintiff's claims, the court finds Defendant's Motion to Strike MOOT.

IT IS SO ORDERED

Dated: November 20, 2012

*(signature)*
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-01742-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE